United States District Court
Southern District of Texas
**ENTERED**
December 06, 2016
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **MELQUIADES MENDIOLA, JR.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. B-16-7** |
| | § | |
| **CAMERON COUNTY DISTRICT,** | § | |
| **ATTORNEY'S OFFICE, ET AL.,** | § | |
| **Defendants.** | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On January 6, 2016, Plaintiff Melquiades Mendiola Jr. ("Mendiola") – a state prisoner – filed a civil rights complaint against the Cameron County District Attorney's Office, the Cameron County Clerk's Office, the Texas Department of Criminal Justice, the University of Texas Medical Branch, the Scott & White Hospital, and the Federal Bureau of Investigation. Dkt. No. 1.

The Court has an independent obligation to review Mendiola's claims. 28 U.S.C. § 1915(e)(2). After conducting this review, it is recommended that Mendiola's complaint be dismissed based on res judicata, for being untimely filed, for failing to state a claim upon which relief can be granted, or alternatively, for failure to timely pay the required filing fee.

### I. Background

Mendiola is a prisoner at the Darrington Unit in Rosharon, Texas. Dkt. No. 1. He remains incarcerated for a 2004 robbery conviction and a 2012 probation revocation for that conviction. State v. Mendiola, Case No. 2004-CR-675-G (404th Dist. Court, Cameron County, March 19, 2012).[1]

In his complaint in the instant case – which is not a model of clarity – Mendiola

---

[1] The Court may refer to matters of public record in deciding whether a plaintiff has stated a claim upon which relief can be granted. Davis v. Bayless, 70 F.3d 367, 372 n. 3 (5th Cir. 1995).

appears to be making several claims.  Against the District Attorney's Office and the Clerk's Office, Mendiola appears to claim that he is being subjected to false imprisonment.  Against the TDCJ, Mendiola claims that his legal and personal mail is being intercepted and that he has suffered "injuries to [his] head and face." Dkt. No. 1.  Against UTMB and the Scott & White Hospital, Mendiola alleges that they have been deliberately indifferent to his serious medical needs. Id.  He claims that the FBI has subjected him to battery, assault, and torture.

All of Mendiola's claims in the instant case appear to be another attempt to litigate a series of prior prisoner civil rights claims, that the Courts have previously dismissed for failing to state a claim upon which relief can be granted.  The claims made against the Cameron County District Attorney's Office, TDCJ and the FBI were raised in a 2013 prisoner civil rights case. Mendiola v. Cameron County District Attorney's Office, Civil No. 13-236 (S.D. Tex.), Dkt. Nos. 136, 142.  The claims made against the medical providers were raised and dismissed in a 2014 prisoner civil rights case. Mendiola v. UTMB, et al., Civil No. 14-2317 (S.D. Tex.), Dkt. No. 43.

On January 6, 2016, Mendiola moved to proceed in forma pauperis in the instant case. Dkt. No. 2.  On January 21, 2016, the Court denied Mendiola's motion, noting that his claims were frivolous and previously addressed in earlier litigation initiated by Mendolia. Dkt. No. 6.  At that time, Mendiola was given until February 16, 2016, to pay the filing fees associated with this case. Id.  As of today's date he has failed to do so.

## II. Applicable Law

### A. Section 1983

As relevant here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not

be granted unless a declaratory decree was violated or declaratory relief was unavailable. Id.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979).  To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

As it relates to the claims against TDCJ, Mendiola was a convicted prisoner at the time of the incidents in question.  While the Fourteenth Amendment protections safeguard pre-trial detainees, the Eighth Amendment's cruel and unusual punishment clause applies to post-trial prisoners, Bell v. Wolfish, 441 U.S. 520, 536 n.16 (1979).  The protection afforded each class of individuals is, for present purposes, the same. Gautney v. King, 252 F.3d 435 (5th Cir. 2001) (unpubl.) ("[T]he same standards are used to analyze claims under either the Eighth or the Fourteenth Amendment." (citing Hare v. City of Corinth, Miss., 135 F.3d 320, 324 (5th Cir. 1998)).  Accordingly, the Court will examine Mendiola's claims against TDCJ under the Eighth Amendment.

### B. Rule 12(b)(6)

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face' and fails to 'raise a right to relief above the speculative level.' " Nationwide Bi-Weekly Admin., Inc. v. Belo Corp., 512 F.3d 137, 140 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).  The Supreme Court has further defined the Twombly standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows

3

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Dismissal for failing to state a claim upon which relief can be granted is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

### C. Section 1915

As relevant here, 28 U.S.C. § 1915 provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>　　(A) the allegation of poverty is untrue; or
>　　(B) the action or appeal--
>　　　　(I) is frivolous or malicious;
>　　　　(ii) fails to state a claim on which relief may be granted; or
>　　　　(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(emphasis added).  See Hutchins v. McDaniels, 512 F.3d 193, 195 (5th Cir. 2007) (dismissal of frivolous in forma pauperis complaint is proper).

Dismissal under § 1915(e)(2)(B)(ii) – for failure to state a claim upon which relief can be granted – is judged by the same standard as a motion to dismiss under FED. R. CIV. P. 12(b)(6). Rhine v. City of Mansfield, 499 Fed. App'x. 334, 335 (5th Cir. 2012) (unpubl.) (citing Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998)).

A civil litigant does not have a right to proceed in forma pauperis; "it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988) (quoting Startti v. U.S., 415 F.2d 1115, 1116 (5th Cir. 1969)). "A complaint is frivolous if it lacks an arguable basis in law or fact." Black v. Warren, 134 F.3d at 733.

### D.  Statute of Limitations

"The limitations period for a claim brought under section 1983 is determined by the general statute of limitations governing personal injuries in the forum state." Price v. City of San Antonio, Tex., 431 F.3d 890, 892 (5th Cir. 2005).  In Texas, the statute of limitations for a personal injury case is "two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.003.

### E. Want of Prosecution

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).  Generally, such dismissals are without prejudice.

The statute of limitations, however, may serve to prevent a litigant from re-filing a case after it has been involuntarily dismissed for failure to comply with a court order. "Where further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice." Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992).  Under those circumstances,  a dismissal without prejudice is considered to be a dismissal with prejudice. Id.

A case may be dismissed with prejudice for want of prosecution only if there is "a clear record of delay or contumacious conduct by the plaintiff" and lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed and have been futile. Berry, 975 F.2d at 1191.  Generally, one of three aggravating factors is present in a dismissal with prejudice: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Id.

5

## III. Analysis

In analyzing Mendiola's petition, a basic premise is that allegations by pro se litigants must be afforded liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Mendiola's claims.

### A. Res Judicata

During the course of his prior cases, Mendiola raised all of the claims he makes in the instant case. Mendiola v. Cameron County District Attorney's Office, Civil No. 13-236 (S.D. Tex.), Dkt. Nos. 136, 142; Mendiola v. UTMB, et al., Civil No. 14-2317 (S.D. Tex.), Dkt. No. 43.  In both of the earlier cases, the claims were dismissed because they failed to state a claim upon which relief could be granted. Id.  In Mendiola v. Cameron County District Attorney's Office, Civil No. 13-236 (S.D. Tex.), Mendiola appealed the dismissal to the Fifth Circuit, which affirmed the dismissal. Mendiola v. Cameron Cty. Dist. Attorney's Office, 638 F. App'x 417, 418 (5th Cir. 2016) (unpubl.).  Mendiola did not appeal the dismissal of the other case.  Thus, none of his claims are new and have all been previously ruled upon. Nothing has changed which would mandate a different result in this case.

"Res judicata, or claim preclusion, has four requirements: (1) that the parties be identical or in privity; (2) that the prior judgment be rendered by a court of competent jurisdiction; (3) that the prior action be concluded by a final judgment on the merits; and (4) that the same claim be involved in both actions." Hall v. Hodgkins, 305 F. App'x 224, 228 (5th Cir. 2008).  All four of those elements are present in this case.

Mendiola has sued the same defendants and the judgments were entered by federal district courts, satisfying the first two elements.  Mendiola's claims were dismissed for failure to state a claim upon which relief can be granted, which is a judgment on the merits. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.' ").  Furthermore, Mendiola is raising the same legal claims – and factual predicates

6

for those claims – that he raised in his prior cases.  Thus, clearly the allegations have been resolved and nothing new is offered to warrant revisiting those allegations.  Res judicata applies to these claims, for which reason they should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). Wilson v. Lynaugh, 878 F.2d 846, 848 (5th Cir. 1989).[2]

## B.  Statute of Limitations

Mendiola's complaint in the instant case does not specifically state when the underlying actions occurred.  However, the Court notes that his complaints in the prior cases indicate that the underlying actions occurred between 2011 to 2013. Mendiola v. Cameron County District Attorney's Office, Civil No. 13-236 (S.D. Tex.), Dkt. No. 136; Mendiola v. UTMB, et al., Civil No. 14-2317 (S.D. Tex.), Dkt. No. 43.

Mendiola filed his complaint in this case on January 6, 2016. Dkt. No. 1.  As previously noted, the statute of limitations for Mendiola's claims is two years. Price, 431 F.3d at 892.  Any of Mendiola's claims which relate to events that occurred before January 6, 2014, which appear to be all of them, are time-barred by the statute of limitations.[3]

Furthermore, equitable tolling is inappropriate in this case.  The "equitable tolling principles" of the forum state "control in § 1983 cases." King-White v. Humble Indep. Sch. Dist., 803 F.3d 754, 764 (5th Cir. 2015).  Under Texas law, "equitable tolling is a 'sparingly' invoked doctrine," to be used only in cases where the plaintiff has "excusable ignorance of the limitations period" and has shown "diligence in pursuing one's rights." Hand v. Stevens Transp., Inc. Employee Benefit Plan, 83 S.W.3d 286, 293 (Tex. App. 2002).

Mendiola has not shown that he had an "excusable ignorance of the limitations

---

[2] Furthermore, to whatever extent Mendiola's claims are not covered by res judicata, they should be dismissed for failure to state a claim upon which relief can be granted.  Mendiola's complaint contains no factual assertions in support of his legal claims.  Unsupported legal conclusions do not satisfy the required factual predicate to avoid dismissal for failure to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

[3] As noted before, any claims that might possibly have occurred within the applicable statute of limitations, are nontheless barred by res judicata or they fail to state a claim upon which relief can be granted.

period."  Furthermore, when a plaintiff's suit is barred by res judicata, equitable tolling is generally inappropriate. Lariscey v. Smith, 66 F.3d 323, *4 (5th Cir. 1995) (unpubl.).  Thus, Mendiola's claims are time-barred and can be dismissed on that basis.  In short, Mendiola's claims are barred by: the applicable statute of limitations;  the principles of res judicata;  and for failing to state a claim.

### C. Want of Prosecution

In addition to all of the previously listed failures, Mendiola's failure to "comply with any order" of the Court further dictates  dismissal of his claims without prejudice.  As noted earlier, a dismissal without prejudice may, nevertheless, amount to a dismissal with prejudice, if the "statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed." Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981) (quoting Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 213 (5th Cir. 1976) (emphasis added)).  Where there is any doubt as to the effect of the dismissal, the higher standard for dismissal with prejudice should be applied. Collins v. Stalder, 236 Fed. App'x. 29, *1 (5th Cir. 2007) (unpubl.) (citing Boazman, 537 F.2d at 212-13).  Accordingly, the Court will consider whether the current version of the prior claims should be dismissed with prejudice.

As noted earlier, dismissals with prejudice are justified "only when there is a clear record of delay or contumacious conduct by the plaintiff and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." Collins, 236 F. App'x at 31.  In this case, Mendiola has had almost 10 months to pay the filing fee, but has failed to do so.  Not only does this establish a clear record of delay, but – given the duration of the failure – it seems clear that lesser sanctions would not prompt him to pay that fee. There is no evidence in the record indicating that Mendiola is justified in refusing to pay the filing fee or that he has even attempted to pay the filing fee. Greathouse v. Texas Dep't of Criminal Justice, 379 F. App'x 403, 404 (5th Cir. 2010); see also Merrill v. Perry, 117 Fed.

App'x. 382 (5th Cir. 2005) (unpubl.) (stating that dismissal for failure to pay the filing fee was unwarranted when plaintiff claimed that prison officials had not complied with his requests for the fees to be withdrawn from his prison account).

Thus, the only viable sanction – given both the substance of his claims and the failure to comply with the Court's order to pay the filing fee – is dismissal, irrespective of the characterization of that dismissal. Jackson v. Texas Bd. of Pardons & Paroles, 198 F. App'x 379, 380 (5th Cir. 2006).

### D. Preclusion Order

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." Dietz v. Bouldin, No. 15-458, 2016 WL 3189528, at *5 (U.S. June 9, 2016).

It can fairly be said that Mendiola is a serial litigant.  He has filed four civil rights suits.  All of them raised similar claims; all them were dismissed for failing to state a claim upon which relief can be granted. Mendiola v. Cameron County District Attorney's Office, Civil No. 1-13-236 (S.D. Tex.), Dkt. Nos. 136, 142; Mendiola v. UTMB, et al., Civil No. 4-14-2317 (S.D. Tex.), Dkt. No. 43; Mendiola v. UTMB, et al., Civil No. 3-15-180 (S.D. Tex.), Dkt. No. 24; Mendiola v. State of Texas, et al., Civil No. 1-15-80 (S.D. Tex.), Dkt. No. 19.

As a result of his constant and unsuccessful litigation, he is statutorily precluded from proceeding in forma pauperis. 28 U.S.C. § 1915(g)  Given his penchant for filing civil rights complaints that fail to state a claim – and the resulting expense of the Court's resources to resolve those meritless claims – Mendiola's repeated filings constitute an abuse of the litigation process.  Accordingly, it would seem appropriate that the Court issue an order, directing the Clerk of Court to refuse any future civil rights complaints from Mendiola unless he has the prior permission of a judicial officer to file the complaint and includes a full pre-payment of the applicable filing fees.[4]

_____

[4] Mendiola has a case currently pending in the McAllen Division. Mendiola v. Cameron County District Attorney's Office, Civil Case No. 7-16-404 (S.D. Tex.).  Any preclusion order

## IV. Recommendation

It is recommended that Melquiades Mendiola Jr.'s complaint, Dkt. No. 1, be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) for being frivolous.  Alternatively, Mendiola's petition should be dismissed for failure to comply with the Court's order to pay the appropriate filing fee.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge.  28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on December 6, 2016.

Ronald G. Morgan
United States Magistrate Judge

---

should exempt any filings made by Mendiola in that case.

10